Turlev, J.
delivered the opinion of the court.
This is an action brought by the defendant in error to recover compensation for services rendered as an attorney to the son of the plaintiff in error, in defending him on a charge of murder. The facts of the case, as shown by the hill of exceptions are these: John Hill, the father, employed Thus. *515 H. Fietcher and Wm. Thompson, to conduct the defence 1 of his son, to each of whom he paid $500, and complained-of the amount. Marcus Hill, a son of John Hill, and brother of the prisoner, employed George C. Childress to assist in conducting the defence — which he did. There is no proof whatever, showing or tending to show that John Hill participated in the contrac!, but on the contrary, the testimony of Marcus Hill states expressly that it was done against his consent. Upon these facts the court charged the-jury, that if Thomas Hill, the person charged with the offence were a minor, and a son of the plaintiff in error, it would be his duty and he would be bound in law to furnish him necessary aid and counsel in his defence, and that if they believed the services of Mr. Childress were necessary and important to the defence and the making it appear that he was innocent, then an implied promise would arise upon which the plaintiff in error could be charged, although he had employed other counsel who were fully able to make the defence, and did not desire the employment of Childress.
This charge, it is contended, is erroneous, and we think correctly; because, 1st. We do not think that a parent is bound to employ attorneys -to defend the suits of his infant children, he being by law only responsible for necessaries furnished them, among which the services of an attorney cannot be ranked, and therefore an express contract is necessary in order to enable an attorney to recover compensation from a father for services rendered his infant child, as the law never implies a promise to pay, unless the consideration has passed to the person sought to be charged, or to some other person, for whom he is bound by law to provide.
It is certainly true, that the express promise need not be proven by direct and positive testimony, but may be inferred from the circumstances of the case, as if an attorney appears for the infant son of 'a father, and he knows of it, and is present, aiding and assisting, and consulting with the attorney in conducting the defence, in the absence of proof to the contrary, a jury would be well warranted in finding that the attorney had been retained by express contract. But where the law mplies a contract, there is no proof necessary but of the *516 facts out of which the implication arises; for to talk of thé proof of an implication involves an absurdity, as it can only arise in the absence of an express agreement to do that which the law says ought ex eqúo et bono, to be done.
2d. The charge is erroneous, because it is based upon a sup-posititious state of facts, which do not exist, to wit: that the defendant in error was. not retained by express contract, when the proof shows most clearly and conclusively that he was so retained by Marcus Hill and not by the plaintiff in error. Where one man is bound by express contract to pay for services rendered, the law in general never imposes the same obligation on another by implication. As to the question whether Marcus Hill acted as the agent of the plaintiff in error, when he retained the defendant, it is unnecessary to remark, as the charge is erroneous, and as there is no proof showing the agency, but directly the contrary. The cas© will therefore be reversed and remanded for a new trial.
Judgment reversed.