W. G. HUME *et al. v.* COMMERCIAL BANK *et al.*

ATTORNEY'S FEE. Counsel, who file and prosecute a bill in the name of certain creditors of an insolvent corporation, on behalf of all creditors, to hold the officers and alleged officers personally liable for any deficiency of assets over the assets assigned in trust for the creditors, and to this end incidentally for an account, settlement and disbursement of the trust assets, whose services are confined to the main purpose of the bill under which nothing is realized, cannot charge their compensation on the trust fund.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

CORNICK & CORNICK for complainants.

JAMES COMFORT, A. S. PROSSER and W. P. WASHBURN for defendants.

COOPER, J., delivered the opinion of the court.

The only question presented in this record is whether

the counsel of the complainants are entitled to have their compensation for professional services in the cause charged upon the general trust fund in the hands of the trustee who is a defendant, it being conceded that the compensation was a proper charge upon any recovery had under and by virtue of the bill and the services rendered? The question was decided from the bench, the court being of opinion that the compensation claimed was not chargeable on the general trust assets, and that nothing had been realized under the bill. A petition for rehearing has been filed, in which it is insisted as matter of fact that the object of the bill was partially attained, and some money realized under it, the services of the counsel being recognized by the trustee and defendant creditors.

The hill was filed by half a dozen creditors of the Commercial Bank of Knoxville, for the benefit of themselves and all other creditors, to hold the stockholders and directors of the bank individually liable for a sum sufficient, over and above the assets of the bank which had been conveyed in trust for its creditors, to pay all of the liabilities of the bank. To this end all necessary accounts between the trustee, the creditors and the bank were asked to be taken, and the assets disbursed under the order of the court. The trustee filed a cross-bill against the other defendants and all creditors of the bank for a like purpose, for an adjustment of disputed debts, and the settlement of the trust under the orders of the court. The original and cross-bill were carried on, so far as the holding of the stockholders and directors liable was concerned, *pari*

*passu,* the complainants' counsel taking the burden of the battle, but aided by the trustee and his counsel. The settlement of the trust matters was exclusively attended to by the trustee and his counsel. The trustee, whose deposition is the only one taken on this subject, testifies to these facts. He disproves any retainer by him, either express or implied, of the complainants' counsel for any purpose, and there is no proof to the contrary. The bill was dismissed so far as it sought to hold the directors, or certain persons who were held out as directors, individually liable: *Hume* v. *Bank,* 9 Lea, 728. The president and cashier of the bank made no defense, and were held liable by decree for the whole amount of assets misappropriated and the debts of the bank. The decree was rendered in favor of the trustee.

The principal object of the bill was to hold the so-called directors individually liable for the debts of the bank under the charter, and for funds misappropriated by the officers of the bank on the ground of neglect of duty. The only testimony taken under the order of reference before us tends to limit the services of the complainants' counsel to this branch of the case. The services were valuable and well worth the amount reported by the clerk. *Prima facie,* however, the counsel must look for their compensation for their services to the complainants who employed them, or came in and made themselves parties to the bill, or to the fund realized.

It is said in the petition for rehearing that the bill was filed for the purpose of winding up the affairs of

the bank in behalf of the creditors. And there is a prayer that all the creditors be required to make themselves parties and prove their claims, and that the assets of the bank in the hands of the trustee be ascertained, collected and disbursed under the orders of the court. But if in fact the creditors made themselves parties defendant, and filed their claims by independent counsel, the complainants' counsel could only look to their clients for compensation. The bill does not show that the trustee was neglecting his duty, or the trust funds in any danger making a bill to impound the assets necessary. And it is very clear that the settlement of the trust was only an incident to the real object of the bill, and, as we have seen, so much of the case as related to the trust was in fact attended to by the trustee and his counsel. The case is utterly unlike the case of *Moses* v. *Ocoee Bank*, 1 Lea, 398.

It is also said in the petition for rehearing, that the actual amount collected under the bill was $25,-000, and the recovery under that feature of the bill which sought to hold the stockholders individually liable was about $2,400. But the record shows that the first of these sums simply refers to the moneys realized by the trustee under the trust deed, in the realization of which this bill cut no figure. The record further shows that the latter sum was realized by the trustee under an independent bill. No assets whatever are shown to have in fact been realized under this bill. The trust funds have merely been ascertained and disbursed. But as to that part of the

case the trustee and his counsel represented the one side, and the creditors with their several counsel the other side. The services of the complainants' counsel in this behalf have only been like the services of each of the other counsel of the creditors. In such a case, each counsel must look to his clients for compensation. See matter of *Attorney-General* v. *North American Insurance Company*, 91 N. Y., 57.

Petition disallowed.