# ROGERS v. O'MARY.

## (*Knoxville.* November 2, 1895.)

1. ATTORNEYS. *Provision as to fees of.*

An agreement that fees of an attorney for filing a general creditor's bill shall be paid out of the funds impounded is not abrogated by an adjustment between the debtor and creditors over the objection of the attorney, where provision is made in the adjustment for payment of fees by the debtor in substantial accord with the agreement. (*Post, pp. 515, 516, 519.*)

2. SAME. *Parties not jointly liable for fees of, when.*

Depositors of an insolvent bank are not, by procuring or accepting the benefits of an adjustment by a bank with its creditors, and releasing a fund impounded in a general creditor's bill, brought at the instance of other creditors, jointly liable with the latter for the fees of the attorneys who filed such bill. (*Post, p. 518.*)

Cases cited and distinguished: Rains v. Rainey, 11 Hum., 261; Moses v. Bank, 1 Lea, 401; Hume v. Bank, 13 Lea, 496; Whitsell v. The Association, 3 Tenn. Ch., 526.

3. SAME. *Entitled to reference as to fees.*

An attorney who is entitled, either by law or contract, to fees out of a fund in Court, can obtain a reference to ascertain the amount of same. (*Post, pp. 519, 520.*)

4. PLEA IN ABATEMENT. *Not waived by answer, when.*

A plea in abatement that defendants were not sued in the proper county is not waived, where, after the Court has overruled the plea and refused defendants an appeal from his decree, they obtained time, and filed answer, and went to trial upon the merits, under an agreement that the filing of the answer should not operate as a waiver of the plea. (*Post, pp. 518, 519.*)

Code cited: § 5136 (M. & V.); § 4393 (T. & S.).

Rogers *v.* O'Mary.

Cases cited and distinguished: Wilson *v.* Scruggs, 7 Lea, 638; Strauss *v.* Weil, 5 Cold., 126.

FROM CLAIBORNE.

Appeal from Chancery Court of Claiborne County. JOHN K. SHIELDS, Ch.

JESSE L. ROGERS for Rogers.

J. E. JOHNSON, for O'Mary.

WILKES, J. This is a bill to collect attorneys' fees from the several defendants, on the idea of a joint and several liability for the same. The Chancellor gave decree for $324.50, and defendants, Perkins, O'Mary, Prinnes, and Glickman, called the Campbell County defendants, have prayed and perfected an appeal. Defendants, Miller and King, also appealed, but did not perfect such appeal.

The cause has been heard by the Court of Chancery Appeals, which reversed the decree of the Chancellor, and dismissed complainants' bill, and they have appealed to this Court, and assigned several grounds of error. We need not dispose of them *seriatim*, but will consider them together.

The facts, as found by the Court of Chancery Appeals, so far as necessary to be stated, are that the complainants, as attorneys, filed a general cred-

itors' bill in the Chancery Court at Jacksboro against the Citizens' Bank of Jellico to fix the rights of all creditors, and provide for their payment, and to set aside a conveyance of its property to the bank. Soon after the bill was filed, the bank made an adjustment with its creditors, by which they agreed to receive the amounts due them in certain time installments. In consequence of this adjustment, the assets of the bank were returned to it, and the receiver appointed under the creditors' bill was discharged. The agreement entered into between the bank and its creditors appears to have been made without the co-operation of complainants, and over their objection, so far, at least, as it pertained to their fees, which the bank agreed to pay in such sum as the Court might fix and adjudge. The creditors having agreed with the bank, the Court fixed complainants' fees at $150, and awarded execution against the bank therefor, complainants, however, not being present at the time. They declined to accept this sum thus fixed, and brought their bill against King and Miller, residents of Claiborne County, and the appellants, residents of Campbell County, to hold them jointly liable for reasonable fees, which they claim should be $500.

The suit was based on the ground that the defendants were depositers in the bank, and had agreed to the compromise, and consented that the funds of the bank be withdrawn from the Court, where they had been impounded under the general creditors' bill.

Rogers v. O'Mary.

The appellants (called the Campbell County defendants) pleaded in abatement that they were residents of Campbell County, and served in that county, and could not be sued in Claiborne County, as there was no privity between them and the Claiborne County defendants in the employment of complainants.

On argument this plea was held sufficient as to form and substance, and issue was thereupon taken on it, and the Chancellor held that there was such privity and joint obligation as made the suit maintainable. The decree overruled the plea, and time was granted for thirty days to file an answer, and it was agreed that if answer was made it should not affect the hearing of the plea in the Supreme Court, and should not operate as a waiver of the plea. Answer was filed, and on the hearing the Chancellor gave decree, as before stated, for $324.50—that is, a fee of $300 and interest on same $24.50.

The Court of Chancery Appeals was of opinion that the Chancellor should have sustained the plea in abatement and dismissed the bill. They also report that the fee found by the Chancellor was reasonable, but that fixed by the Court in the bank case was not sufficient.

The Court of Chancery Appeals further found that there was no joint or express contract of employment and no privity between defendants, except that a preliminary investigation should be made at a cost of $25.00, but if a general creditors' bill should be determined upon and filed (which was done), that at-

torneys' fees would be paid out of the funds im-
pounded in the suit, in such amount as the Court
might fix, and there should be no individual liability
for the same outside of such fund, and that the ap-
pellants had made provision for the payment of com-
plainants' fees in their adjustment with the bank;
that Miller had no privity with the Campbell County
defendants in the employment of complainants, and
that King had no connection with the other parties,
or with the matter, except to accept the provisions
of the adjustment; that the Claiborne County defend-
ants were immaterial parties so far as the suit against
the Campbell County defendants was concerned, and
hence the bill should have been dismissed on the plea.

It is insisted that defendants are jointly liable,
because they procured or accepted the benefits of
the adjustment and released the fund impounded, and
the complainants rely upon the following cases as
sustaining this contention: *Rains* v. *Rainey*, 11 Hum.,
261; *Moses* v. *The Bank*, 1 Lea, 401; *Humes* v.
*The Bank*, 13 Lea, 496; *Whitsell* v. *The Associa-
tion*, 3 Tenn. Ch., 526. These are cases where
counsel had brought a general fund into Court and
the application was to have counsel fees paid out of
the fund thus impounded, and did not involve the
question of individual liability outside of and beyond
the fund, and are not in point in this case.

It is next said that the Campbell County defend-
ants waived their plea in abatement, by obtaining
time to answer, and it is now too late to rely upon

their plea. It is true the proper practice, on find-
ing the plea against defendants, would have been to
render a decree in complainant's favor for their
debt, from which they could, as a matter of right,
have taken an appeal. Code (M. & V.), § 5136;
*Wilson* v. *Scruggs*, 7 Lea, 638; *Strauss* v. *Weill*,
5 Cold., 126.

The Court, however, refused to grant the appeal,
and complainants consented that the answer might be
filed, and that it should not be treated as a waiver
of the plea. This agreement certainly estops and
precludes the complainants from now insisting on the
irregularities in the proceedings taken in overruling
the plea.

Complainants insist that, inasmuch as defendants
settled with the bank, their agreement that fees
should be paid out of the funds impounded, was
abrogated, as that agreement clearly contemplated
the prosecution of the cause to final hearing. It is
clear that defendants, in the adjustment, made pro-
vision for the payment of fees by the bank in sub-
stantial accord with the agreement previously entered
into with complainants, and they were placed in such
position as, by proper application to the Court, the
amount of their fee could be fixed and decree made
for its payment, and this could have been done by
a simple reference, which the attorneys stood in po-
sition to have obtained, and, if the finding of that
Court, as to the amount, should prove unsatisfac-
tory, complainants had their remedy by appeal. It

was not necessary that complainants should have been parties on record. As attorneys, they had a right to the reference both under the general provisions of the law and the agreement made between the bank and its creditors.

We see no error in the finding and decision of the Court of Chancery Appeals, and it is affirmed, the Chancellor's decree reversed, and bill dismissed. The costs will be paid as directed by the Court of Chancery Appeals.