IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION AT KNOXVILLE

FILED

February 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| AETNA INSURANCE COMPANY and | ) | |
| CHURCH OF GOD OF PROPHECY, | ) | |
| (HICKORY VALLEY ROAD), | ) | |
| | ) | HAMILTON CIRCUIT |
| Plaintiffs/Appellants | ) | |
| | ) | |
| v. | ) | |
| | ) | NO.  03A01-9601-CV-00024 |
| LITTLE GIANT MFG. CO., INC. and | ) | |
| EDWIN L. WIEGAND DIVISION OF | ) | |
| EMERSON ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendants/Appellees | ) | VACATED AND REMANDED |

Daniel J. Ripper, Chattanooga, For the Appellant.

James P. Anderson,Jr.,  Chattanooga, For the Appellee, Little Giant Mfg. Co., Inc.

Douglas M. Campbell, Chattanooga, For the Appellee, Edwin L. Wiegand, Division of
       Emerson Electric Co.


**O P I N I O N**

_____INMAN, Senior Judge

        This complaint was filed by the Church of God of Prophecy against the Little

Giant Mfg. Co. and Kick-Shaw, Inc., alleging that its property was destroyed by fire

caused by a defective water heater manufactured by Little Giant and sold to the

plaintiff by Kick-Shaw, Inc.  Various defenses were interposed by the defendants,

none of which is relevant to the issue before us.  Thereafter, the complaint was

repeatedly amended; new parties came and went; and, in its present posture, the

plaintiffs are Aetna Insurance Company and Church of God of Prophecy and the

defendants are Little Giant Mfg. Co., Inc. and Emerson Electric Company.

        This is a Rule 10 appeal from the action of the trial court in ruling that Aetna

Insurance Company should be joined as a party-plaintiff since it is the real party in

interest in this subrogation case.

        The Church insured by Aetna was heavily damaged in a fire which occurred in

1991.  Aetna paid the loss and thereafter filed this action in the name of the church

to recoup its payment under principles of subrogation. The complaint was filed on November 3, 1992, with the knowledge of all parties that it was a subrogation action. The case was finally set for trial on December 1, 1995 before a jury. On November 27, 1995, the trial court ordered that Aetna Insurance Co. should be a named party since it was the real party in interest.

Aetna objected to its involuntarily role, asserting that the case had been pending for three and one-half years when, three days before trial, it was summarily added as a plaintiff. We granted a Rule 10 application to consider the propriety of this action.

Rule 17.01, TENN. R. CIV. P. provides:

> Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, bailee, trustee of an expressed trust, party to whose rights another is subrogated, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute, may sue in his or her own name without joining the party for whose benefit the action is brought; and when a statute so provides an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement, or joinder or substitution of, the real party in interest, and such ratification, joinder or substitution shall have the same affect as if the action had been commenced in the name of a real party in interest.

Additionally, the Advisory Committee comment to TENN. R. CIV. P. 17.01 specifically provides:

> The rule is similar to Federal Rule 17(a), but unlike the Federal Rule, Rule 17.01 authorizes suit by a party in the party's own name even though another has been subrogated to the right which the party seeks to enforce.

The Rule clearly authorizes Aetna Insurance Company to bring an action in the name of the party to whose rights it is subrogated without being named itself as a party to this lawsuit. *See Travelers Ins. Co. V. Williams*, 541 S.W.2d 587, 590 (Tenn. 1976).

The defendants argue that after the loss was paid, the debris was hauled away by the church's contractor, with nothing being salvaged except the suspect

2

heater, thereby thwarting and impeding the defense that the fire was arsenetic in nature. We are not here concerned with the spoliation of evidence defense; the defendants' argument is centered on the allegation that Aetna knew from the beginning that the fire may have been of incendiary origin, but nonetheless took no action to preserve the debris. During argument, it was revealed that the church's contractor hauled the debris from the site, for which Aetna was somehow liable, and disposed of it. Aside from the fact that the disposal of the debris may well have been more advantageous to the defendants than a chemical analysis of it,we see no procedural correlation between the contractor's apparently necessary action and the status of Aetna.

Rule 19 is argued by the defendants to be supportive of the action of the trial court in the event Rule 17 is not. Rule 19 provides that "a person . . . shall be joined as a party if in his absence complete relief cannot be accorded among those already parties." A short answer to this insistence is simply that complete relief may be accorded to the parties in the absence of Aetna.

Finally, the defendants argue that they will be deprived of the defense of spoliage of the evidence if "they are prohibited from proving Aetna's role in . . . disposing of the evidence." The fact that Aetna is not a party plaintiff will not deprive the defendants of any relevant, justiciable defense, but may salutarily serve to eliminate a rather obvious, unspoken element. No other reason comes to mind for the peculiar language of Rule 17.01. Accordingly, the order requiring Aetna to be joined as a party plaintiff is vacated. The case is remanded, with costs on appeal assessed to the defendants-appellees.

_____
William H. Inman, Senior Judge

CONCUR:

3

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge