SCOTT GRAHAM HARTMAN, KAY )
HARTMAN, his mother and duly )
qualified conservator and guardian, and )
CLEON HARTMAN, )
                         )     **Tennessee Claims Commission**
       Claimants/Appellants,       )     **Middle Division**
                         )     **No. 85209**
**VS.**                              )
                         )     **Appeal No.**
**THE UNIVERSITY OF TENNESSEE and** )     **01A01-9804-BC-00196**
**THE STATE OF TENNESSEE,**        )
                         )
       Defendants/Appellees.       )

**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

**APPEAL FROM THE TENNESSEE CLAIMS COMMISSION**
**AT NASHVILLE, TENNESSEE**

**HONORABLE W. R. BAKER, COMMISSIONER, MIDDLE DIVISION**

FILED

September 14, 1998

Cecil W. Crowson
Appellate Court
Clerk

Mr. Paul S. Davidson
424 Church Street, Suite 2800
Nashville, Tennessee 37219
ATTORNEY FOR CLAIMANTS/APPELLANTS


Mr. Ronald C. Leadbetter
Associate General Counsel
The University of Tennessee
810 Andy Holt Tower
Knoxville, Tennessee 37996-0184
ATTORNEYS FOR DEFENDANTS/APPELLANTS


**AFFIRMED AND REMANDED.**


                            HENRY F. TODD
                            PRESIDING JUDGE, MIDDLE SECTION


CONCURS:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| | |
|---|---|
| SCOTT GRAHM HARTMAN, KAY )<br>HARTMAN, his mother and duly )<br>qualified conservator and guardian, and )<br>CLEON HARTMAN, )<br> ) | |
| ) | Tennessee Claims Commission |
| Claimants/Appellants, ) | Middle Division |
| ) | No. 85209 |
| VS. ) | |
| ) | Appeal No. |
| THE UNIVERSITY OF TENNESSEE and ) | 01A01-9804-BC-00196 |
| THE STATE OF TENNESSEE, ) | |
| ) | |
| Defendants/Appellees. ) | |

# O P I N I O N

The captioned claimants have appealed from the decision of the Tennessee Claims Commission denying their claim against the State and the University of Tennessee for the catastrophic injury of a student athlete while engaged in athletic activity.

The student was the beneficiary of a scholarship contract binding the University to furnish him treatment for injuries received during athletic competition. The University purchased from National Union Insurance Company, a policy of insurance insuring its liability under scholarship contracts to the extent of the coverage provided by the policy. The father of the student was an employee of BellSouth Corporation which provided for the families of its employees health care insurance within designated limits.

With the approval of the University of Tennessee, the student traveled to Lexington, Ky., to participate in a regional track and field competition sponsored and controlled by the University of Kentucky. While performing "warming up" exercises in the space assigned to him by the University of Kentucky, the student was struck in the head by a heavy missle thrown by another student who was participating in the same regional competition. His serious injury will require custodial care for the remainder of his life. The University of Tennessee has agreed to furnish all needed future care. The present claim seeks payment of expenses of care and treatment already furnished without any offer of care or payment therefor by the University of

Tennessee. Claimants have neither paid for nor assumed liability for any care or treatment. So far as this record shows, all of said expenses have been paid by the insurer of BellSouth Corporation and National Union Insurance Co.

Specifically, the BellSouth insurer paid $1,223,513. National Union reimbursed the BellSouth insurer to the extent of $196,849 and has paid $27,822 direct to care furnishers. As stated, the parents and the University of Tennessee have paid nothing.

Neither the BellSouth insurer nor National Union Insurance Co. is a party to this proceeding. However, appellants insist that they have a right to sue for the benefit of the insurers which paid the expenses. The Commission held otherwise.

Also, the claimants sought damages for pain, suffering and disability of the student and loss of his society and services resulting from the negligence of the University in supervising and protecting the student from injury. The University offered evidence disproving such negligence, and the Commission held for the University on this issue.

On appeal, the claimants present only one issue, which is:

> I.     Whether the Tennessee Claims Commission's Summary Judgment Order dismissing Appellants' contractual claim was in contravention of the Tennessee Rules of Civil Procedure and the Rules of the Tennessee Claims Commission, which both create a clear subrogation exception to the Real Party in Interest Rule.

However, appellants submit five distinct arguments in support of their issue. Appellants do not challenge the negative ruling upon their negligence claim.

**First Argument**: No presumption of Correctness.

Appellants rely upon preliminary rulings of the Commission upon motions of the parties for partial summary judgments, which have not heretofore been mentioned in this opinion to simplify the narrative.

Appellants filed a motion for a partial summary judgment requiring the University of Tennessee to provide the medical treatment promised in its student athletic contract. The Commission sustained this motion, and the University of Tennessee agreed to comply. This does not appear to be at issue on appeal.

On September 29, 1989, the Commission entered an order concluding as follows:

> The Commission also concludes that the contract providing for "medical attention" does not limit the manner in which the medical attention is provided. The Defendant has the option of providing medical attention either by paying for third parties to provide it, or providing it itself or a combination of the two. This may work a hardship upon the parents of the injured Plaintiff if the State deems it necessary to provide this medical attention at the medical school in Memphis, East Tennessee State, or the University hospital in Knoxville, but this option is left to the State. The quality of the medical attention appropriate to the injured Plaintiff's condition. Exotic or experimental treatment are not included, but the same may be provided if the State desires.
>
> 13. In short, the Commission concludes (1) that the reasonable interpretation of the expression "medical attention due to athletic participation" obligates the State to provide reasonable medical treatment appropriate to Scott Hartman's condition without limitation as to time or dollar limit. (2) If it were necessary to resort to explanatory documents, the letter of August 4, 1986 is the only significant non-contractual document and it, in no way, suggests the contractual language is limited. (3) The law of contracts, under these facts, does not permit resort to oral negotiations prior to entering the contract, nor to oral intimations of the interpretation of the contract given after the injury, to interpret the contract language. However, if they were referred to, either or both decidedly favor the Plaintiffs' interpretation of the contract. (4) The State, through the University of Tennessee or otherwise, may provide the medical attention either (a) in kind by taking over the care of Scott Hartman using State medical employees, or (b) the State may pay third parties to do this.

Appellants' brief states:

> In a separate civil action, Hartman judicially enforced the Commission's 1989 Order requiring the University's medical insurer to pay BellSouth (subrogee in part to Hartman's contractual claims) $196,849.

Appellants' brief cites the final order of the Commission which states that the $196,849 payment was made but does not mention the separate suit. No other information is cited or found as to the parties or proceedings in the separate suit.

Neither the Commission nor this Court can be expected to recognize as "the law of the case" a phantom separate suit without authentic evidence of the proceedings and judgment therein.

Other than stated above, the preliminary partial summary orders of the Commission have no relation to the correctness of the final order of the Coimmission upon the merits of appellants' claim against the State of Tennessee and the University of Tennessee.

**Second Argument**: Doctrine of Subrogation.

Appellants cite *Dixon v. Morgan*, 154 Tenn. 389, 285 S.W.2d 558 (1926) which has been carefully examined without discovery of any relevance to the facts and proceedings in the present case. Dixon involved a series of real estate transactions. The person entitled to subrogation was a party to the case, and would have been a heavy loser if subrogation had not been granted.. In the present case, the volunteer subrogors are seeking to recover in their own names funds which may or may not be justly due a third party which is not a participant in this proceeding and the basis of whose rights is not in this record.

Moreover, the way is open for the third party subrogee to assert its rights, if any, in a separate claim to the Claims Commission.

No merit is found in appellants' second argument.

**Third Argument**: No Loss to Claimants.

Appellants' do not argue that they have suffered loss by paying medical expenses. They argue that BellSouth's insurer has suffered loss by paying same, and that said insurer has a right to "step into Hartman's shoes" to enforce Hartman's claim. This argument ignores the legal reality that Hartman cannot establish a claim for medical expenses without proof of payment of same or liability therefor. In *Wimberly v. American Casualty Co.*, Tenn. 1979, 584 S.W.2d 200, plaintiff suffered a fire loss and sued his insurer to determine its subrogation rights against the one who caused the fire. The facts and proceedings of that case distinguish it from the present case.

In *Amos v. Central Coal Co.*, 38 Tenn. App. 626, 277 S.W.2d 457, a sublessee who made payment of sublessor's obligation to prevent forfeiture of the interest of both sublessor and sublessee was granted rights of subrogation to the extent of payments so made. In the present case, the Hartmans' have made no payment, and the one who made the payment is not before this Court.

**Fourth Argument**: <u>Rules of Civil Procedure and of the Commission</u>.

TRCP Rule 17.01 and Commission Rule 0310-1-1-.17(1) do provide that a subrogor may sue in his own name for the benefit of the subrogee, but neither rule dispenses with proof of the claim which, in the present case, includes documentation of the claim. This record contains no evidence of the insuring agreement upon which the subrogation claim is based. In *Traveler's Insurance Company v. Williams*, Tenn. 1976, 541 S.W.2d 587, the opinion quotes the provisions of the policy regarding subrogation. The issue on appeal was the right of the attorney for the insured to collect a fee from the insurer.

Appellants cite an unpublished opinion of this Court wherein this Court stated:

> The Church insured by Aetna was heavily damaged in a fire which occurred in 1992. Aetna paid the loss and thereafter filed this action in the name of the church to recoup its payment under principles of subrogation. The complaint was filed on November 3, 1992, with the knowledge of all parties that it was a subrogation action. The case was finally set for trial on December 1, 1995 before a jury. On

November 27, 1995, the trial court ordered that Aetna Insurance Co. should be a named party since it was the real party in interest.

Aetna objected to its involuntarily role, asserting that the case had been pending for three and one-half years when, three days before trial, it was summarily added as a plaintiff. We granted a Rule 10 application to consider the propriety of this action.

- - - -

The Rule clearly authorizes Aetna Insurance Company to bring an action in the name of the party to whose rights it is subrogated without being named itself as a party to this lawsuit. *See Travelers Ins. Co. v. Williams*, 541 S.W.2d 587, 590 (Tenn. 1976).

In the present case, nothing is found in the record to show that either insurer brought this action in the name of the injured parties to enforce subrogation rights and no evidence in this record supports the contractual rights of either insurer to be subrogated to the rights of the injured parties.

No merit is found in appellants' fourth and last issue.

T.C.A. § 9-8-403(a)(1) provides in pertinent part as follows:

The decisions of the individual commissioners, or, when rendered, decisions of the entire commission regarding claims on the regular docket may be appealed to the Tennessee Court of Appeals pursuant to Tennessee Rules of Appellate Procedure, except that tax appeals shall go directly to the Tennessee Supreme Court and workers compensation cases shall be appealed pursuant to the procedure for other worker's compensation cases under § 50-6-225(e) - - - .

The evidence has been reviewed *de nova* pursuant to TRAP Rule 13. It does not preponderate against the factual findings of the commission and no error of law is found in the conclusions of the commission.

No grounds are found for reversal or modification of the orders of the Claims Commission which are affirmed. Costs of this appeal are taxed against the appellants. The cause is remanded to the Commission for any necessary further proceedings.

**AFFIRMED AND REMANDED.**


_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION




CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM B. CAIN, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

SCOTT G. HARTMAN, ET AL., )     Tennessee Claims Commission

                                       )     No. 85209

     Plaintiffs/Appellants, )

                                         )

VS. )     Appeal No.

                                         )     01A01-9804-BC-00196

UNIVERSITY OF TENNESSEE, ET AL., )

                                         )

     Defendants/Appellees. )

**FILED**

**October 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## O R D E R

The appellants, Scott Graham Hartman, Kay Hartman and Cleon Hartman, have filed a lengthy petition to rehear seeking revision of the decision of this Court that the proceedings and record did not support a judgment in favor of appellants for the benefit of alleged subrogees who were not parties to this cause before the Commission or to this appeal.

The brief of appellant concludes:

> The Tennessee Claims Commission erred as a matter of law in holding that Hartmans' claim did not also present BellSouth's subrogation claim.

The opinion of this Court affirmed the denial of recovery by the Hartmans' for their own benefit. (They had not sought recovery for the benefit of any alleged subrogees.) The opinion stated:

> Moreover, the way is open for the third party subrogee to assert its rights, if any, in a separate claim to the Claims Commission.

The whole difficulty could have been avoided if the Hartmans' had simply stated in their claim that it was presented on behalf of named subrogees, or had amended their claim to include such a statement. They did not do so, and the record on appeal fails to show that they ever paid any expense. Therefore, they are not entitled to recover anything in this proceeding for their own benefit, and they have not legitimately pursued the path that would entitle them to recover for the benefit of anyone else.

The petition to rehear is respectfully denied.

_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM B. CAIN, JUDGE