# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 17, 2013 Session

## DAVID KANIECKI v. O'CHARLEY'S INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 12209II     Carol L. McCoy, Chancellor**

---

**No. M2012-02221-COA-R3-CV - Filed February 11, 2014**

---

The sole issue in this putative class action is whether Plaintiffs are entitled to recover attorneys' fees under the common law substantial benefit doctrine. Plaintiffs, shareholders of O'Charley's Inc., filed this action against several parties to enjoin the imminent merger with and acquisition by Fidelity National Financial, Inc.; no monetary relief was sought. The gravamen of the complaint was breach of fiduciary duty. Plaintiffs requested additional disclosures but did not seek to enjoin the merger. After the merger was completed, Defendants filed motions to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted; Plaintiffs contemporaneously filed a motion to recover attorneys' fees. Plaintiffs did not oppose the motions to dismiss and an agreed order was entered by which the complaint was dismissed but, by agreement, the issue of attorneys' fees was reserved for hearing. Plaintiffs acknowledged this was not a shareholder derivative action and that they were not entitled to recover attorneys' fees pursuant to Tennessee Code Annotated § 48-17-401; however, Plaintiffs claimed they were entitled to attorneys' fees under the *common law* substantial benefit doctrine. The chancellor disagreed and denied Plaintiffs' request for attorneys' fees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Randall J. Baron, *pro hac vice*, Kevin K. Green, A. Rick Atwood, Jr., and David T. Wissbroecker, San Diego, California; George E. Barrett, Douglas S. Johnston, Jr., and Timothy L. Miles, Nashville, Tennessee, for the appellants, David Kaniecki, Brady White, and Hilary Kramer Coyne.

W. Brantley Phillips, Jr., Joseph B. Crace, Jr., and Overton Thompson, III, Nashville, Tennessee, for the appellees, O'Charley's, Inc., Arnaud Ajdler, William F. Andrews, Douglas N. Benham, David W. Head, Philip J. Hickey, Jr., Gregory R. Monahan, Dale W. Polley, Richard Reiss, Jr., H. Steve Tidwell, Robert Jackson Walker, Shirley A. Zeitlin.

John Lee Farringer, IV, and L. Webb Campbell, II, Nashville, Tennessee, for appellee, Fidelity National Financial, Inc.

**OPINION**

The matters at issue arise from the merger of Fidelity National Financial, Inc. ("Fidelity"), a leading provider of multiple services, including a substantial restaurant company, and O'Charley's Inc. ("O'Charley's"), a Tennessee restaurant corporation headquartered in Nashville. These two entities announced on February 6, 2012, that they had entered into a merger agreement, which was structured as a tender offer by Fidelity's wholly-owned subsidiary Fred Merger Sub Inc. ("Fred"). Thus, a majority of O'Charley's shareholders had to agree to tender their shares for the merger to proceed.

Three days after the announcement, shareholder David Kaniecki filed suit challenging the details of the merger. Over the next couple of weeks, four additional actions were filed with substantially similar allegations.

On February 27, 2012, O'Charley's filed a 14D-9 disclosure with the United States Securities and Exchange Commission (the "SEC").

An amended complaint was filed on March 12, 2012, which was concomitantly designated by the court as the operative complaint; at that time, the court also consolidated all merger-related litigation, appointed co-lead counsel for the action, and set a May 8, 2012, deadline for Plaintiffs to move for class certification.

The crux of the amended complaint was a putative "class action" filed on behalf of all public shareholders of O'Charley's against its Board of Directors ("Board") for breach of fiduciary duty. O'Charley's, Fidelity, and Fred were included as defendants for allegedly aiding and abetting the Board's breaches. The amended complaint alleged, inter alia, that the merger price was unfair, inured to the benefit of Fidelity, and that Defendants had engaged in self-dealing, stood to reap personal rewards, and had withheld "material information" about the merger from O'Charley's shareholders. Moreover, the 14D-9 was allegedly deficient in that it failed to disclose material information crucial to the shareholders in determining whether to tender their shares, namely, financial advice and data used to determine the share price being offered. No monetary damages were sought; the sole remedy

pled by Plaintiffs was in the form of injunctive relief. Defendants timely answered, and each of them asserted that the amended complaint failed to state a claim upon which relief may be granted.

Thereafter, on March 29, 2012, O'Charley's filed with the SEC an amended Schedule 14D-9 which set forth additional financial disclosures. While Plaintiffs take credit for this disclosure, Defendants maintain these supplemental disclosures were voluntary and, more importantly, the additional disclosures were not material to the shareholders' decision-making process. They further assert that much of the information had previously been disclosed to shareholders in other reports.

The parties also differ as to other events that ensued. Plaintiffs contend they negotiated core discovery in an expedited fashion; Defendants perceive discovery as very limited, noting that O'Charley's voluntarily produced approximately 180 pages of documents, and no depositions were taken. In brief, Plaintiffs contend they won a significant battle without going to war, meaning a trial on the merits. Defendants disagree, noting that Plaintiffs never attempted to enjoin or otherwise prevent the closing of the tender offer or the merger, Plaintiffs did not seek class certification, and there was no settlement. The case was simply dismissed for failure to state a claim.

While the motions to dismiss were pending, Plaintiffs filed a motion seeking $850,000 in attorneys' fees and expenses based on the common law substantial benefit doctrine. The plaintiffs also filed a response to the Rule 12.02(6) motions advising the court the motions were not opposed; however, Plaintiffs requested that the trial court maintain jurisdiction to adjudicate their motion for attorneys' fees. An agreed order was submitted granting the motions to dismiss with prejudice, which was accordingly entered by the chancellor on August 13, 2012; the order expressly stated that the court retained jurisdiction over the outstanding issue of Plaintiffs' attorneys' fees.

Following a hearing, the trial court denied attorneys' fees for four reasons outlined in the order: (1) under the common fund doctrine in Tennessee, Plaintiffs had not secured a tangible recovery from which others in the action could benefit; (2) the putative "class action" did not constitute a shareholder derivative suit which would potentially trigger attorneys' fees under Tennessee Code Annotated § 48-17-401; (3) even if the substantial benefit doctrine elucidated in the derivative action statute applied to class actions in this state, Plaintiffs had not demonstrated that a substantial benefit had been achieved for O'Charley's shareholders; and (4) assuming, arguendo, that Plaintiffs were entitled to a fee award, the documentation to support the Fee Application was patently insufficient and the fees were excessive and in contravention to the factors set forth in Tennessee Supreme Court Rule 8.

Plaintiffs appeal the denial of attorneys' fees on three grounds which we restate. First, we are asked to determine whether the trial court erred in determining that the common law substantial benefit doctrine did not apply. The two remaining issues presume the doctrine should be applied. Specifically, Plaintiffs also appeal whether the supplemental Schedule 14D-9 disclosures produced by Defendants conferred a substantial benefit warranting attorneys' fees and whether under the substantial benefit doctrine it was necessary to submit detailed time and expense records. We begin our analysis with the first issue, as it is wholly dispositive of this appeal.

**STANDARD OF REVIEW**

As the issues are framed, our determination hinges upon the proper interpretation of Tennessee statutes, the common law, and their application to the facts of this case. The threshold issue is whether under the laws of this state, Plaintiffs have a right to seek recovery of attorneys' fees under the common law substantial benefit doctrine. This state's constitution, statutes, judicial decisions, and applicable rules of common law convey the public policy of Tennessee. *Cary v. Cary*, 937 S.W. 2d 777, 781 (Tenn. 1996). The determination of this state's public policy is primarily the role of the General Assembly; however, if the constitution and our statutes are silent and the area is governed by common law doctrines, it is the "province of the courts" to consider the public policy of the state as reflected in the common law. *Id*. Whether a common law doctrine applies in a given case is a question of law for the court to decide. *See e.g. House v. Estate of Edmondson*, 245 S.W.3d 372, 378 (Tenn. 2008) (considering the application of the common law common fund doctrine). Additionally, issues involving the construction of statutes and their application to facts involve questions of law. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002). Accordingly, our standard of review on this issue is de novo, affording no presumption of correctness to the trial court's conclusions of law. *Id*.; *Kline v. Eyrich*, 69 S.W.3d 197, 203 (Tenn. 2002).

**ANALYSIS**

In litigation in this state, the American Rule governs the payment of attorneys' fees; attorneys must look solely to their own client for payment of their fees. *Kline v. Eyrich*, 69 S.W.3d 197, 204 (Tenn. 2002); *Fossett v. Gray*, 173 S.W.3d 742, 752 (Tenn. Ct. App. 2004). As the Tennessee Supreme Court has explained:

> This Court has adhered *strictly* to the guiding principle that the American Rule, prohibiting an award of attorney fees, will apply unless a contract specifically and expressly creates a right to recover 'attorney fees' or some other *recognized exception* to the American Rule is present.

*Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 310 (Tenn. 2009). (emphasis added).

In addition to contract, statutory provisions may also operate as exceptions to this Rule. *See J & B Investments, LLC v. Surti*, 258 S.W.3d 127, 138 (Tenn. Ct. App. 2007); *House*, 245 S.W.3d at 377-78; *Kline*, 69 S.W.3d at 204. However, in order for the court to award attorney's fees to a prevailing party under the umbrella of either contractual or statutory authority, a clear intent of the parties or the General Assembly, respectively, must be evident. *See e.g. Cracker Barrel*, 284 S.W.3d at 310-12.

The only other *recognized exception* to the American Rule, which is at issue here, is the common law common fund doctrine. *See House*, 245 S.W.3d at 377-78; *Kline*, 69 S.W.3d at 204. The common fund doctrine may be invoked if the attorney has succeeded "in securing, augmenting, or preserving property or a fund of money in which other people are entitled to share in common." *House*, 245 S.W.3d at 377 (quoting *Travelers Ins. Co. v. Williams*, 541 S.W.2d 587, 589-90 (Tenn.1976)). In such a case, the attorney may oblige the beneficiaries of the fund or property to contribute to his or her fee by assessing that fee directly against the fund or property itself. *Id*.

In this case, however, Plaintiffs do not rely on any of the "recognized exceptions" to the American Rule. Moreover, Plaintiffs concede the common fund doctrine does not apply. Nevertheless, and not to be deterred, Plaintiffs ask that we take this opportunity to implement the common law substantial benefit doctrine, which they insist has "deep roots" in Tennessee law.

The substantial benefit doctrine has been described as "one that accomplishes a result which corrects or prevents an abuse which would be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest." *Mills v. Electric Auto-Lite Co.*, 90 S. Ct. 616, 627 (1970) (citing *Bosch v. Meeker Coop. Light & Power Ass'n*, 101 N.W. 2d 423, 425-27 (Minn. 1960)). Thus, it is an additional "equitable exception" to the American Rule, one that has developed in the context of federal litigation as an extension of the common fund doctrine. *See Hall v. Cole*, 93 S. Ct. 1943, 1946-1947 (1973).

In Tennessee, however, this doctrine has enjoyed very limited application and only in the context of Tennessee Code Annotated § 48-17-401(d)(1), which governs shareholder

derivative litigation.[1] Although this action involves shareholder litigation, it is undisputed by the parties that this is not a derivative action. To the contrary, this is a putative "class action."

The foregoing notwithstanding, Plaintiffs contend that the substantial benefit doctrine is well-entrenched in the common law of our state, and it should therefore be available in class actions. For this proposition, Plaintiffs cited three appellate decisions, *Marable v. Jordan*, 24 Tenn. 417 (Tenn. 1844), *Grant v. Lookout Mtn., Co.*, 28 S.W. 90 (Tenn. 1894), and the concurring opinion in *Hannewald v. Fairfield Cmtys., Inc.*, 651 S.W. 2d 222, 231 (Tenn. Ct. App. 1983) (Franks. J., concurring). We respectfully disagree with Plaintiffs' conclusion, for neither *Marable* nor *Grant* were premised on the substantial benefit doctrine. Significantly, *Marable* does not even contemplate the award of attorney's fees. Although the phrase "substantial benefit" is utilized in *Grant*, the Tennessee Supreme Court was merely asked to consider a tangible award of property obtained on behalf of a company by a derivative plaintiff, *Grant*, 28 S.W. at 92, which by definition, is akin to the common fund doctrine, not the substantial benefit doctrine. More importantly, *Grant* has been superseded by Tennessee Code Annotated § 48-17-401. As for the concurrence in *Hannewald*, we find it unpersuasive. It is, therefore, our conclusion that the substantial benefit doctrine is *not* entrenched in our common law.

Alternatively, Plaintiffs invite us to adopt the substantial benefit doctrine; this invitation by Plaintiffs is based on *Mills v. Electric Auto-Lite Co.*, wherein the United States Supreme Court extended the rationale of the common fund exception to employ the substantial benefit doctrine in a shareholder derivative suit where no monetary fund was at stake. *Mills*, 90 S. Ct. at 627-28. We respectfully decline the invitation, for *Mills* is both factually and procedurally distinguishable.

*Mills* was a derivative action that was initially brought by shareholders of Electric Auto-Lite Company to forestall a merger with Mergenthaler Linotype Company; however, the petitioners did not seek a temporary restraining order, and the merger vote went ahead as scheduled. *Id*. at 618. The petitioner later filed an amended complaint to set aside the unlawful merger claiming violation of federal securities laws including allegations that a proxy statement distributed by management to solicit votes in favor of a merger was misleading. *Id*. When the petitioners filed a partial motion for summary judgment on this particular issue, the district court ruled that the claimed defect in the proxy statement was a material omission which caused injury to the petitioners and granted an interlocutory judgment on the issue of liability. *Id*. at 618-19.

---

[1]Specifically, this provision states that the trial court may order "[t]he corporation to pay the plaintiff's reasonable expenses, including counsel fees, incurred in the proceeding, if the court finds that the proceeding has resulted in a substantial benefit to the corporation."

On interlocutory appeal, the Seventh Circuit Court of Appeals affirmed in part and reversed in part. It affirmed the determination that the proxy statement was materially deficient, but reversed on the issue of whether the material omission had a causal relation to the outcome of the vote on the merger. *Id*. at 619. The United States Supreme Court affirmed the Court of Appeals ruling that the shareholders had established their cause of action; however, as for the issue of liability, the Court found that the shareholders were entitled to prevail on the issue of liability and, thus, the district court's grant of summary judgment in favor of the shareholders should have been affirmed. *Id*. at 619-20. In so holding, the Supreme Court concluded that although there was no express statutory authorization under federal securities law, the petitioners were entitled to an interim award of reasonable attorneys' fees and expenses pursuant to the substantial benefit doctrine. *Id*. 625-26. In a departure from the traditional American Rule, the Court observed that in the context of shareholder derivative suits, reimbursement of attorneys' fees had been permitted by some courts where the litigation conferred a substantial benefit on the members of an ascertainable class, or where "the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor." *Id*. at 626-27. The Supreme Court further explained:

> To award attorneys' fees in such a suit to a plaintiff who has *succeeded in establishing a cause of action* is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefitted from them and that would have had to pay them had it brought the suit.

*Id*. at 628. (emphasis added).

As we stated earlier, *Mills* is procedurally distinguishable because, unlike here, the plaintiffs in *Mills* prevailed on summary judgment. Here, Plaintiffs' complaint was dismissed for failure to state a claim, thus, Plaintiffs did not survive the pleading stage. Therefore, Plaintiffs have not "succeeded in establishing a cause of action," a condition precedent to application of the substantial benefit doctrine. *Id*. at 628; *see also Hall v. Cole*, 93 S. Ct. at 1946 (holding the substantial benefit doctrine applied to award attorney's fees to a"successful" plaintiff under the Labor-Management Reporting and Disclosure Act of 1959). Moreover, to saddle Defendants with attorneys' fees in this matter would be in direct contravention to the plain language of Tennessee Code Annotated § 20-12-119. This statutory provision awards reasonable attorney's fees to the parties who have successfully been granted dismissal for failure to state a claim, not the parties' whose pleadings were found insufficient.

We are constrained to apply the American Rule "strictly" and commensurate with the "recognized exceptions" within the laws of this state, *see Cracker Barrel*, 284 S.W.3d at 396-97, and Plaintiffs have presented no legal authority or basis upon which they are entitled to recover their attorneys' fees. Accordingly, we affirm.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants/plaintiffs.

_____
FRANK G. CLEMENT, JR., JUDGE