MOTORS INSURANCE CORPORATION
Plaintiff-Appellant

v.

Jessie J. BLAKEMORE and Lewis K. Garrison, Defendants-Appellants,

and

Leola Curtis and Cotton Belt Insurance Co., Inc., Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Sept. 19, 1978.

Certiorari Denied by Supreme Court Dec. 29, 1978.

Robert L. Dobbs, Terry D. Smart, Memphis, for plaintiff-appellant.

Lewis K. Garrison, Memphis, for defendants-appellants.

J. Harold Ellis, Memphis, for defendants-appellees.

SUMMERS, Judge.

This cause is before this court on the appeal of the plaintiff, Motors Insurance Corporation, and the cross appeal of the defendants, Jessie J. Blakemore and Lewis K. Garrison. In the trial court the plaintiff sought to recover from Blakemore the sum of $1,112.87 or in the alternative recover of Garrison, Leola Curtis or Cotton Belt Insurance Company, Inc., the same sum.

On December 4, 1970, Curtis and Blakemore were involved in an automobile accident in the City of Memphis. Blakemore was stopped at a traffic light when Curtis struck the rear of his automobile causing damage to his automobile and personal injuries to him. Blakemore carried a property damage policy with Motors, and Curtis was covered by a liability insurance policy issued by Cotton Belt. Motors paid to have Blakemore's automobile repaired at a cost of $1,112.87. Blakemore then signed a subrogation agreement vesting in Motors all rights and causes of action against Curtis for his property damage.

On February 15, 1971, Motors mailed a letter to Garrison, attorney for Blakemore, stating that, "Any legal action for property damage that you find it necessary to initiate on behalf of your client should be limited to his collision deductible. Please let us know if it becomes necessary to file suit."

On March 26, 1971, Robert L. Dobbs, attorney for Motors, wrote a letter to Garrison stating:

I understand you are representing the insured for his personal injury claim, and would appreciate you advising as to my intervention in this matter to the extent of the property damages.

On November 12, 1971, Garrison filed suit in the Circuit Court of Shelby County in which the following allegations, statement of the claim and demand for judgment were incorporated:

Complainant further alleges that as a result of the negligence of the Defendant as heretofore described, his 1970 Pontiac was damaged and reduced in value and that the Complainant herein has been caused to expend a sum of money for the repairs to the vehicle.

Complainant alleges that the damages to his said vehicle was a result of the negligence of the Defendant as heretofore mentioned.

WHEREFORE, Complainant sues the Defendant for the total sum of Seventy-Two Thousand Dollars ($72,000.00) for *damages*, actual, compensatory and punitive, and demands a jury to try the cause when the issues are joined. [Emphasis added]

Rule 8.01 of the Tennessee Rules of Civil Procedure states as follows:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

In *Farmers State Bank v. Jones,* 34 Tenn. App. 57, 232 S.W.2d 658 (1949), the court stated: ". . . Even in law cases a pleading is sufficient (1) When it conveys a reasonable certainty of meaning; (2) When, by a fair and natural construction, it shows a substantial cause of action or defense. . . ." In *Lazarov v. Nunnally,* 188 Tenn. 145, 217 S.W.2d 11 (1949), it is stated: ". . . any bill of complaint is regarded as sufficient if it conveys a reasonable cer-

tainty of meaning and by natural construction shows a substantial ground for suit, . . ." Also see: *Ferguson v. Moore,* 209 Tenn. 122, 348 S.W.2d 496 (1961); *U. S. Fidelity and Guaranty Co. v. Elam,* 198 Tenn. 194, 278 S.W.2d 693 (1955); *Commerce-Union Bank v. Haiman,* 4 Tenn.App. 669 (1927); *Grace v. Curley,* 3 Tenn.App. 1 (1926); and many more.

The Chancellor found, and rightfully so, that the lawsuit filed against Curtis, who was insured by Cotton Belt, was a claim for both property damages and personal injuries.

On April 27, 1972, a consent judgment, signed by the trial judge and approved by the attorneys for Blakemore and Curtis, was entered. This consent judgment extinguished all claims and causes of action between the parties and consequently extinguished the claim or any subrogation rights of Motors; as a result of this Motors brought suit against the defendants herein.

The instant case was heard before Chancellor Lewis without a jury. The chancellor found that Motors had taken the necessary steps to preserve its subrogation claim and should prevail in the lawsuit. The chancellor further found that the plaintiff had benefited from the services of Lewis K. Garrison and that Garrison was entitled to a forty-five per cent attorney's fee. Therefore, the chancellor entered a judgment for fifty-five per cent of the amount sued for in favor of the plaintiff against Garrison and Blakemore.

The plaintiff appealed the ruling of the chancellor and assigned as error:

I.  The Court erred in not entering a judgment in favor of the plaintiff against Leola Curtis and Cotton Belt Insurance Co., Inc.

II.  The Court erred in allowing Lewis K. Garrison credit on the judgment against him for forty-five (45%) per cent of the judgment for an attorney fee for representing Motors Insurance Corporation's subrogation interest in Circuit Court case number 54059.

The defendants, Blakemore and Garrison, also appealed the chancellor's ruling and assigned as error:

The trial court erred in entering a judgment in favor of plaintiff against Defendants, Lewis K. Garrison and Jessie J. Blakemore.

■ We find that the plaintiff's first assignment of error is without merit. James Causey, the attorney for Cotton Belt, the insuror of Curtis, negotiated with Garrison to settle the lawsuit filed by Blakemore. Garrison was the only attorney of record in the cause; the attorney for Motors had not intervened in the law suit. When the case was settled, Causey wanted to extinguish all causes of action and claims against his clients. He delivered the check in the sum of $8,850.00 to the clerk of the court and filed the consent judgment which concluded the matter as far as his clients were concerned. Causey was under no obligation to protect anyone's interest but his clients. We find that there was no error in the procedures he followed.

Therefore, the first assignment of error of the plaintiff is overruled.

■ We find that the assignment of error of the defendants, Blakemore and Garrison, is also without merit. The consent judgment which was signed by Garrison on behalf of Blakemore extinguished all claims against Curtis and Cotton Belt. Garrison and Blakemore were both aware that the plaintiff had expended money for the repair of Blakemore's automobile and was subrogated to the claim of Blakemore to the extent of the sum it paid. Blakemore and Garrison did nothing to protect the claim of the subrogee. The consent judgment did not state that the sum of money paid into court was only for personal injuries; as the complaint sued for both personal injuries and property damage, we must conclude that the settlement was for personal injuries and property damage.

Therefore, we rule that Blakemore and Garrison settled to the detriment of Motors and should be held responsible for their actions. We do not think that Blakemore should be entitled to collect twice for his property damage or that Garrison should be absolved for his part in attempting to keep Motors from collecting the sum due it under the subrogation agreement. The assignment of error of Blakemore and Garrison is overruled.

■ The remaining single question for this court to decide is whether Garrison is entitled to an attorney's fee.

*Tennessee Farmers Mutual Insurance Company v. Pritchett,* 54 Tenn.App. 410, 391 S.W.2d 671 (1964), held that the plaintiff's collision carrier did not take action to protect or enforce its subrogation rights until after the plaintiff and the defendant's liability carrier settled the matter. The court found that the suit was an action in equity to enforce a subrogation right and that the rule is the result must be equitable. That court granted the collision carrier its subrogation rights but ruled that plaintiff's attorney was entitled to an attorney's fee. That court said that the insurance carrier should bear its pro rata portion of the insured's expense in securing the recovery as it sat idly by and acquiesced in the action of the insured's attorney in its behalf.

However, the more recent case of *Travelers Insurance Company v. Williams,* Tenn., 541 S.W.2d 587 (1976), clearly sets forth criteria to determine if an attorney for the insured can collect its pro rata share of the recovery due the collision carrier. The facts in *Travelers* are on point with the facts of the case at bar in that both insurance companies gave notice that they would handle their own subrogation claims. In *Travelers,* Justice Brock defined the differences in the *Travelers* and the *Tennessee Farmers* cases and held:

It follows that whether or not an attorney is entitled to collect from the insurer a fee with respect to a subrogation claim depends upon whether an express or implied contract or a quasi contractual relation exists between them.

In the instant case, we find no evidence that an express or implied contract existed between the insurer and the insured's attorney. On the contrary, unlike the

subrogee in the *Pritchett* case, the insurer here expressly stated to the insured that it would handle its own subrogation claim and that the insured was not to protect the same. A promise cannot be implied in fact in the face of a declaration to the contrary by the party to be charged. Any authority which the insured might otherwise have had to direct his attorney to prosecute the subrogation claim was expressly revoked.

Neither do we find evidence of unjust enrichment of the insurer from the services of the insured's attorney upon which a quasi or constructive contractual duty could be based. In our view, one is not unjustly enriched by a benefit "forced upon" him as the result of services voluntarily and officiously performed by another who has been expressly informed by the alleged promisor that his services are not desired.

Garrison and Blakemore were put on notice by a letter from Motors on February 15, 1971, that it would handle the subrogation claim itself. On March 26, 1971, the attorney for Motors, asked that Garrison advise him if he should intervene in the matter to the extent of the property damages. This court cannot say that Motors sat idly by and acquiesced in the handling of the claim.

By following the ruling in *Travelers,* this court must determine that there was no contract between Motors and Garrison, either expressed, implied or quasi, and that Garrison acted as a volunteer. Therefore, the plaintiff's second assignment of error must be sustained.

We affirm the chancellor in his finding that the plaintiff had taken the necessary steps to preserve its subrogation claim and that judgment should be rendered only against the defendants, Blakemore and Garrison, in the sum of $1,112.87. We reverse and dismiss that portion of the judgment of the chancellor in which an attorney's fee was awarded to Garrison. The costs of this cause are assessed against the defendants, Jessie J. Blakemore and Lewis K. Garrison.

MATHERINE and EWELL, JJ., concur.