941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buddy K. & Connie E. BENNETT, Plaintiffs (90-5777),
Plaintiffs-Appellants (90-5782),
Wausau Insurance Companies, Schneider National, Inc.,
Defendants-Appellees,
v.
Robert B. CARTER, Third-Party Defendant-Appellant (90-5777).
 Nos. 90-5777, 90-5782.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, plaintiffs Buddy Keith Bennett and Connie E. Bennett, and third-party defendant, Robert B. Carter, appeal the summary judgment granted by the district court to defendants, Schneider National, Inc., and Wausau Insurance Companies. The district court awarded defendants the sum of $53,775.69 against the Bennetts and Carter, jointly and severally, as well as prejudgment interest against Carter, who was the Bennetts' attorney.
 
 
 2
 There is considerable divergence between the various theories of recovery and defense actually pleaded by the parties, and those which confronted the district court when it addressed competing motions for summary judgment. This divergence, while confusing, is of no practical import, since the parties effectively amended their pleadings by seeking or defending against summary judgment on the theories relied upon by the district court. Fed.R.Civ.P. 15(b). Furthermore, our examination of the record leads us to conclude that summary judgment would have been warranted upon the theories actually pleaded.
 
 
 3
 Bennett, an employee of Schneider National, received benefits under a plan maintained by his employer. These benefits included reimbursement for medical expenses. Wausau was the insurance company for the plan. Bennett had agreed in writing that, should he recover from a tortfeasor, he would reimburse the plan for payments he received from it for medical expenses. Tennessee law renders an attorney liable under the circumstances of this case, where Carter wrongfully interfered with the plan's right to reimbursement from Bennett. Motors Ins. Corp. v. Blakemore, 584 S.W.2d 204 (Tenn.App.1978).
 
 
 4
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a detailed, written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its Orders of February 2, 1990, and May 16, 1990.