AETNA CASUALTY AND SURETY COMPANY, Plaintiff–Appellant,

v.

TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

March 30, 1993.

Permission to Appeal Denied by Supreme Court July 6, 1993.

Shelton B. Hillman, Jr., Bristol, for plaintiff-appellant.

Steven C. Rose, Kingsport, for defendant-appellee.

## OPINION

McMURRAY, Judge.

This action was brought by Aetna Casualty and Surety Company seeking contribution for monies paid under their uninsured motorist policy to their insured, Larry A. Walker. The defendant, Tennessee Farmers Mutual Insurance Company had the primary uninsured motorist coverage. Aetna was the excess carrier. Tennessee Farmers declined to pay under their policy because Aetna and its insured, Larry A. Walker, and his wife, without the consent of Tennessee Farmers, executed and delivered to the tortfeasor, Nancy C. Childress, a full and complete release of all claims arising out of the accident in question. The trial court, after a hearing on stipulated facts, determined that by executing the release Aetna and the Walkers destroyed Tennessee Farmers' right of subrogation and dismissed the complaint. For reasons hereinafter stated, we affirm the judgment of the trial court.

The appellant states the issues for our consideration as follows:

1. Defendant Tennessee Farmers Mutual Insurance Company, a primary uninsured motorist carrier, was not entitled to subrogation rights under the facts of this case.

2. Tennessee Farmers was not prejudiced by the settlement made by Aetna Casualty and Surety Company, an excess uninsured motorist carrier, in the underlying tort case.

3. Tennessee Farmers was not entitled to an offset of uninsured motorist coverage for workers' compensation benefits "payable" which might never be paid.[1]

We are of the opinion that the dispositive issue here can be more simply stated, i.e., did the release of the tortfeasor by Tennessee Farmers' insured which destroyed Tennessee Farmers' right of subrogation release Tennessee Farmers from liability to its insured under the uninsured motorist coverage of its policy.

Subrogation as it existed at the common law has its roots in equity. *See Castleman Construction Company v. Pennington,* 222 Tenn. 82, 432 S.W.2d 669 (1968). Since its invention by courts of equity, however, subrogation has found its way into statutory law. The right of subrogation is expressly granted to uninsured motorist insurance carriers under the provisions of our uninsured motorists statutes. T.C.A. § 56-7-1204 provides as follows:

**56-7-1204. Payment by insurer—Subrogation.**—(a) In the event of payment to any person under the coverage required by this part, [uninsured motorist coverage] and subject to the terms and conditions of such coverage, the insurer making such payments shall, to the extent thereof, be subrogated to all of the rights of the person to whom such payment has been made, and shall be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or property damage for which such payment is made including the proceeds recoverable from the assets of an insolvent insurer.

(b) Payment by an insurer under the coverage required by this part shall not constitute a satisfaction of the liability of the party or parties responsible for such bodily injury or property damage under the financial responsibility laws of this state.

Additionally, subrogation rights have been expressly written into most uninsured motorist insurance policies. The policy of insurance issued to its insured by Tennessee Farmers Mutual in this case contains the following provisions:

When we make payment to any person under this coverage [uninsured motorist coverage], that person's rights of recovery from anyone else become ours up to the amounts paid. This includes proceeds re-

---

1. At the time of the trial in this case, this issue had not been addressed by the courts of this state. This court, in an opinion by Judge Todd, in *Williams v. Prewitt, et al,* 1992 WL 353133, filed December 2, 1992, held that an uninsured motorist carrier could not claim a deduction for uncertain future benefits. We are of the opinion, however, that this issue is of no consequence under the circumstances of this case.

coverable from the assets of an insolvent insurance company.

## 5. OUR RIGHT TO RECOVER PAYMENT

A. If we make payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and *shall do nothing after loss to prejudice them.* (Emphasis added).

 It seems apparent that the both the statutory scheme and the policy of insurance contemplate that the insurance carrier shall have all rights of recovery against a tortfeasor that the insured would have up to the amounts paid by the insurer. It seems to logically follow, therefore, that if the insured releases the tortfeasor thus destroying the insurance carrier's subrogation rights, then the insured has not only breached the contract of insurance with the insurer but has also destroyed the insurer's statutory rights. *See Hickory Springs Mfg. Co., Inc., v. Evans,* 541 S.W.2d 97 (Tenn.1976). We are of the opinion that in so doing, the insured forfeits any rights of recovery against the insurance carrier. While our research has revealed no cases in this jurisdiction directly addressing this issue, it is clear that if an insured destroys the insurer's subrogation rights after payment, the insured is liable to the insurer for payments made by the insurer. *See Motors Ins. Corp. v. Blakemore,* 584 S.W.2d 204 (Tenn.App.1978).

In *Motors,* supra, the insurer brought an action against its insured, his attorney and the tortfeasor to recover all sums paid to the insured under the provisions of the policy and for which Motors had subrogation rights. The grounds upon which Motors sought recovery from its insured and his attorney were that the insured and his attorney had agreed to the entry of a consent judgment on the insured's claim against the tortfeasor which included an amount previously paid to the insured for property damages. The court held that "[t]his consent judgment extinguished all claims and causes of action between the parties and *consequently extin-guished the claim or any subrogation rights of Motors ...*" (Emphasis added). Recovery was allowed against the insured and his attorney. Thus, assuming arguendo that Tennessee Farmers had paid their insured, they would now be entitled to a judgment against their insured for all amounts paid because of the extinguishment of Tennessee Farmers' rights of subrogation by the release. To require Tennessee Farmers to pay after a release has been given and the right of subrogation extinguished is neither justifiable in equity nor warrantable under the clear intent expressed by statute (T.C.A. § 56-7-1204) or the terms of the policy. Further, the insured has clearly breached that provision of the insurance contract which provides that the insured shall do nothing after loss to prejudice the rights of the insurer.

 The plaintiff, Aetna Casualty and Surety Company, as assignee of the insured, has no greater rights than the insured. An assignee steps into the shoes of the assignor and takes his assignment subject to the defenses asserted against the assignor. *See e.g., F.D.I.C. v. Berry,* 659 F.Supp. 1475 (E.D.Tenn.1987). Clearly the assignor here, Tennessee Farmers insured, could not successfully maintain this action. Therefore, Aetna must likewise fail.

We concur with the conclusions reached by the trial court. The judgment of the trial court is affirmed. Costs are taxed to the appellant and this cause is remanded for the collection thereof.

GODDARD and FRANKS, JJ., concur.