# IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE
September 2001 Session

## VANDAL DOSS V. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Sumner County**
**No. 19338-CTom E. Gray, Chancellor**

_____

**NO. M2000-01971-COA-R3-CV - Filed December 10, 2001**
_____

This is an appeal from the Judgment of the Chancellor for Sumner County, Tennessee, dismissing Vondal Doss's Complaint against Tennessee Farmers Mutual Insurance Company, alleging breach of contract for failure to make payment for medical expenses pursuant to the medical payment coverage contained in two insurance policies and the Defendant's Counter-Complaint for subrogation. Doss had suffered a personal injury as a result of an auto accident which occurred on April 8, 1993 involving a third-party tortfeasor. Plaintiff/Appellant filed a Motion to Appeal on August 2, 2000. The Judgment of the Chancellor is affirmed on all counts. Doss's claim for additional post-settlement medical payments is denied as a result of the execution of the Release and Order of Compromise and Settlement which extinguished Tennessee Farmers' subrogation rights. Tennessee Farmers' claim for reimbursement is denied. Costs of this Appeal are assessed to the Appellant.

### Tenn.R.App.P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed

DON R. ASH, S.J., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and BEN H. CANTRELL, P.J., joined.

### OPINION

### I.

Plaintiff/Appellant Vondal Doss suffered a personal injury as a result of a motor vehicle accident on April 8, 1993. She was a passenger in a car owned and driven by her daughter, Angie Ford. The accident occurred when a truck driven by Jimmy Gotcher turned left directly into the path of the Ford vehicle. At the time of the accident, Vondal Doss and Angie Ford were both insured by automobile policies written and issued by Defendant/Appellee Tennessee Farmers Mutual Insurance Company (herein after "Tennessee Farmers") which contained medical payment coverage with limits of $5,000.

Appellant was eligible for medical payment coverage under both policies for a grand total of $10,000. At the time of the accident, Jimmy Gotcher was also insured by an automobile policy written and issued by Farmers Insurance Exchange that carried a liability limit of $25,000.

Shortly after the accident on April 8, 1993, Doss sought and received $3,000 as compensation for her initial medical expenses under the terms of two insurance policies written by Tennessee Farmers. Tennessee Farmers was under a contractual obligation to make payment for medical expenses up to the liability limit of $10,000. It is uncontested in this matter the insured's medical expenses totaled $46,000. Mike Delk, agent of Tennessee Farmers, advised the Plaintiff's husband the insurer was prepared to make the payment of an additional $7,000 under the applicable insurance policies if the insured accepted the $25,000 limit of the Gotcher insurance policy. Delk indicated Tennessee Farmers would not make such payment if suit was filed against Jimmy Gotcher seeking damages in excess of the $25,000 policy limit. Vondal Doss elected to file suit against the third party tort-feasor, Jimmy Gotcher and the Springfield Printing business on April 14, 1994 rather than pursue a second demand on Tennessee Farmers for the remaining $7,000 of medical coverage. Tennessee Farmers was also served with a copy of the Complaint, pursuant to T.C.A. § 56-7-1201. et. seq. Tennessee Farmers filed a Notice of Appearance as an uninsured motorist carrier on April 27, 1994. On May 27, 1994, an Agreed Order was entered whereby Tennessee Farmers was dismissed from the third party tort claim.

The third-party tort-feasor, Jimmy Gotcher and Springfield Office Machines & Printing filed for bankruptcy under Chapter 11 six days prior to the trial with Doss. On October 27, 1997, a settlement was reached between the Plaintiff and Gotcher, for a total payment of $60,000. Farmers Insurance Exchange paid its policy limit of $25,000 while the remaining $35,000 was paid by some combination of the Gotchers and Springfield Printing. As a result of this settlement, Plaintiff executed a Release and an Order of Compromise and Settlement forever releasing the third party tort-feasor from any liability arising from the April 8, 1993 accident and dismissing the tort claim with prejudice. The bankruptcy petitions of Jimmy Gotcher and Springfield Office Machines & Printing were ultimately dismissed by Order of the U.S. Bankruptcy Court on November 13, 1997.

The insured subsequently filed suit against Tennessee Farmers on March 22, 1999, alleging breach of contract for failure to make payment of the remaining $7,000 pursuant to the medical payment provision of the two insurance policies. On March 29, 2000, Tennessee Farmers filed its Answer denying coverage and a Counter-Complaint seeking reimbursement of the $3,000 payment.

This cause was heard before Honorable Tom E. Gray, Chancellor of the Circuit Court of Sumner County, Tennessee at Gallatin on April 12, 2000. Based on the evidence, the Chancellor found Doss was not made whole by the settlement of the third-party tort claim for $60,000. However, the Chancellor further held Tennessee Farmers was under no obligation to make additional medical payments to the insured since the

insurer did not consent to the settlement and was not consulted. The Chancellor dismissed the Complaint and the Counter Complaint and assessed costs against each party respectively.

**II.**

The following issues are before the court: (A) whether the insured's final settlement and release of the third party tort-feasor affects either her claim for additional post-settlement compensation under the insurance policy or the insurer's claim for subrogation; and (B) whether the made-whole doctrine espoused in York v. Sevier County Ambulance Authority, 8 S.W.3d 616 (TENN.1999), affects either the insured's claim for additional medical payments or the insurer's claim for subrogation when the third party tort-feasor has been released?

**III.**

A.    Doss argues the third-party tort-feasor's filing for bankruptcy and invocation of the automatic stay destroyed Tennessee Farmers' claim for subrogation. Doss further argues her settlement of the third-party tort claim is irrelevant to her claim for additional medical payments under the provisions of the insurance policies with Tennessee Farmers or the insurer's allegedly non-existent subrogation claim. The appellant's arguments are mistaken. The invocation of the automatic stay does not destroy or extinguish a creditor's claim against the debtor. The automatic stay is merely a temporary relief that precludes collection efforts against the claims of debtors who have filed for bankruptcy. The bankruptcy court permits creditors to seek relief from the automatic stay under Section 362 and may allow creditors to pursue the collection of their debts under appropriate circumstances. The filing of the bankruptcy petitions by Jimmy Gotcher and Springfield Office Machine & Printing did not extinguish the insurer's subrogation claim and is irrelevant to the disposition of the respective claims of Vondal Doss and Tennessee Farmers.

Doss's settlement of the third party tort claim had a significant impact upon Tennessee Farmers' subrogation claim. The right of subrogation was created at common law under principles of equity and natural justice. Castleman Constr. Co. v. Pennington, 432 S.W.2d 669 at 675 (Tenn.1968). Subrogation was created in order to prevent an insured from obtaining a double recovery for the same loss and to assure the tort-feasor compensate the insurance company for payments made to the insured. Wimberly v. Am. Cas. Co. of Reading, Pennsylvania, 584 S.W.2d 200at 203 (Tenn.1979). The courts of Tennessee allow an insurer to claim subrogation under the medical payment provisions of its policy. Wilson v. Tennessee Farmers Mutual Insurance Company, 411 S.W.2d 699 (1966). The public policy of insurance contemplates that insurance carriers shall have all rights of recovery against the tort-feasor that the insured would have up to the amount paid by the insurer. Tennessee Farmers reserved a right of subrogation through the terms of the insurance policy and enjoyed identical rights to those of Doss. Thus, the insured extinguished the rights of Tennessee Farmers under their claim for subrogation when she relinquished her rights through the execution of the Release and the Order of

Compromise and Settlement. McGee v. County of Wilson, 574 S.W.2d 744 at 747 (Tenn.App. 1978).

An additional consequence of the settlement is that Plaintiff/Appellant's ability to recover additional compensation from Tennessee Farmers was precluded or forfeited. If an insured destroys an insurer's subrogation rights after payment, the insured forfeits any rights of recovery against the insurance carrier. Aetna Casualty and Surety Company v. Tennessee Farmers Mutual Insurance Company, 867 S.W.2d 321 at 323 (Tenn.Ct.App. 1993). Consequently, this court affirms the decision of the Chancellor and holds Doss' claim for additional post-settlement medical payments is denied as a result of the execution of the Release and Order of Compromise and Settlement which extinguished Tennessee Farmers' subrogation rights.

B.     The court must now consider whether the made-whole doctrine espoused in York v. Sevier County Ambulance Authority, 8 S.W.3d 616 (TENN.1999), affects either the insured's claim for additional medical payments or the insurer's claim for subrogation when the third party tort-feasor has been released. Complete compensation of the insured is generally a prerequisite to the right of subrogation under what has become known as "the made whole doctrine" or the "full recovery principle." York v. Sevier County Ambulance Authority, 8 S.W.3d 616 (Tenn.1999); Wimberly v. Am. Cas. Co. of Reading, Pennsylvania, 584 S.W.2d 200at 203 (Tenn.1979). Courts have consistently balanced the equities in subrogation cases by holding that the insurer must bear the loss when all of the damages to the victim are not fully compensated by the tort-feasor because that is a risk it has been paid to assume. Wimberly v. Am. Cas. Co. of Reading, Pennsylvania, 584 S.W.2d 200at 203 (Tenn.1979).

It is uncontested in this matter Plaintiff/Appellant was not made whole in spite of the settlement of the tort claim against Jimmy Gotcher for an amount in excess of her stated medical expenses. Typically, the made whole doctrine espoused *in York v. Sevier County Ambulance Authority* would operate to preclude an insurer from exercising their right of subrogation where the insured was not fully compensated for their injuries. However, Appellee correctly recites the exception to the made whole doctrine under Tennessee law (espoused in an unreported decision) where the insurer did not participate in the settlement negotiations surrounding the tort claim and did not waive their right of subrogation. "If the insurer claiming subrogation did not participate in the settlement negotiations between the insured and the third party tort-feasor and waived no rights, it's subrogation claim must be honored and the made-whole doctrine has no application." Tennessee Farmers Mutual Insurance Company v. Farmer, 1998 Tenn.App. LEXIS 581; *Eastwood v. The Glens Falls Ins. Co.,* 646 S.W.2d 156 (Tenn.1983); Aetna Casualty and Surety Company v. Tennessee Farmers Mutual Insurance Company, 867 S.W.2d 321 at 323 (Tenn.Ct.App. 1993). The present facts provide that Tennessee Farmers' right of subrogation was extinguished by Vondal Doss' settlement of the third-party tort claim. Tennessee Farmers neither participated in the settlement negotiations with Gotcher nor consented to the Release and Order of Compromise and Settlement. The Chancellor specifically found that, "No notice of settlement was given to Tennessee Farmers Mutual, and Tennessee Farmers Mutual is not involved the settlement. They did not consent to

the settlement; they did not waive their subrogation claim." (R. Page 80 Lines 20-24). Tennessee Farmers contends that their claim for subrogation must be honored as a consequence of their exclusion from the settlement of the third-party tort claim by the insured under Tennessee Farmers Mutual Insurance Company v. Farmer.

The appellee omits reference to another relevant passage in Tennessee Farmers Mutual Insurance Company v. Farmer where the court acknowledges the insurer's subrogation claim will be defeated even though the insured settled the tort claim without the knowledge of the insurer where the parties have either agreed the insured has not been made whole by the tort recovery, or the underlying facts are clear the recovery did not make the insured whole. Tennessee Farmers Mutual Insurance Company v. Farmer, 1998 Tenn.App. LEXIS 581. This court is precluded from speculating Vondal Doss was made whole through her voluntary acceptance of a settlement offer of $60,000, an amount which exceeded her $46,000 in medical expenses, because it is undisputed by the parties in this case the Appellant was not made whole. Thus, this court concludes that Tennessee Farmers' subrogation claim is not valid under the principles *of Tennessee Farmers Mutual Insurance Company v. Farmer*. This court affirms the decision of the Chancellor and holds that Tennessee Farmers' claim for reimbursement is denied.

\*\*\*

## IV.

This court concludes that Vondal Doss' claim for an additional $7,000 of post-settlement medical payments is denied, and Tennessee Farmers' claim for reimbursement in the amount of $3,000 is denied. The Judgment of the Chancellor for Sumner County, Tennessee is affirmed on all counts. Costs of this Appeal are assessed to the Appellant.

_____

DON R. ASH, SPECIAL JUDGE